D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

----------------------------------------------------------x
GEORGE ROSQUIST,

             Plaintiff,

          -against-

ST. MARKS REALTY ASSOC., LLC;
RUBEL, ROSENBLUM & BIANCO, LLC;
TWINS MOVING, INC.; THE CITY OF
NEW YORK; ANDREW CUOMO (for
the defendant State of New York);
THOMAS STEINER; JOHN BIANCO;
JOAN RUBEL; HOWARD FILED; MARK A.
MCMILLIAN; MARINA CORA MUNDY;
PHILIP S. STRANIERE; KIM DOLLARD;
MICHELLE WESTON PATERSON;
JOSEPH G. GOLIA; JAME RIOS;
KENNETH GIACHETTA;
SHAUN GUGLIERMO;
"CURLY DOE, LARRY ROE, MO COE,
TOM BLOE and DICK FLOE"
(being fictitious names of five police
officers from the 120th pct, pending
discovery of their true names); and
"HARRY SLOE" (Being a fictitious name of
a desk sergeant from the 120th pct.,
pending discovery of his true name),

             Defendants.
----------------------------------------------------------x

**MEMORANDUM & ORDER**

08-CV-2764 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge:

On July 9, 2008, *pro se* plaintiff George Rosquist filed the instant fee-paid Complaint.

The Complaint is dismissed for the reasons set forth below.

## BACKGROUND

On January 25, 2008, plaintiff filed a previous case naming the same defendants, stating

similar facts, and raising similar causes of action. By Order dated February 11, 2008, this Court

dismissed that case for lack of subject-matter jurisdiction. See Rosquist v. St. Marks Realty Assoc., LLC, et al., Docket No. 08-CV-0365 (E.D.N.Y. Feb. 11, 2008). The Court mailed its decision to the address provided by plaintiff, but the Order was returned with the notation "Mail Returned as Undeliverable." Plaintiff did not file a notice of change of address in the prior action.

The instant action repeats the allegations in the prior complaint and describes the same housing dispute and eviction proceedings. According to the two Complaints, in June 1996, Plaintiff began renting an apartment at 273 St. Marks Place on Staten Island, operated by defendant St. Marks Realty Assoc., LLC. (Complaint ¶ 10.) It appears that sometime thereafter, Plaintiff was subject to an eviction action or series of actions that ultimately resulted in Plaintiff's physical eviction on January 25, 2007.[1] (Id.) Plaintiff does not identify the basis of the eviction action, but he asserts that defendants failed to comply with the Rent Stabilization law, Multiple Dwelling law and other Administrative Codes of the State of New York. (Complaint ¶ 12.) Plaintiff alleges that some of the named defendants filed frivolous and/or fraudulent petitions with the Civil Court of the City of New York for the County of Richmond. (Complaint ¶¶ 12-13.) He further alleges that several judges of the Richmond County Court and the New York State Supreme Court, Appellate Division, Second Department acted beyond the courts' jurisdiction and issued fraudulent orders. (Complaint ¶¶ 10-13.) The instant Complaint includes additional details of his efforts to rescue his cat from the locked apartment and his

---

[1] The Court's Order in Docket No. 08-CV-0365 identified the date of the eviction as January 25, 2008, because the dates in the prior complaint were inconsistent. In the instant Complaint, Plaintiff has revised the relevant dates, which now make it appear that most of the court action occurred in 2006, with the final eviction occurring on January 25, 2007.

2

unsuccessful attempts to retrieve his personal property during the period from January 26, 2007 to April 4, 2007. (Complaint ¶¶ 21-23.) Despite the lengthy state-court proceedings, Plaintiff asserts that the eviction deprived him of his personal property without due process of law. (Complaint ¶ 32.) He further claims that Defendants have "deprived the disabled Plaintiff by unlawful discrimination of the services, programs and advantages and benefits of equal access to and participation therein that are available to other similarly situated people." (Complaint ¶ 34).

Plaintiff asserts that this Court has federal-question jurisdiction over his claims under 28 U.S.C. § 1331, because defendants' actions violated his rights under the First, Fourth, Fifth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution and also violated the Civil Rights Act, the Americans With Disabilities Act, sections of the United States Criminal Code, and the Universal Declaration of Human Rights. (Complaint, Statement of Jurisdiction.) He demands monetary damages totaling $250,115,000.

## DISCUSSION

In reviewing Plaintiff's Complaint, the Court is mindful that because Plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173. 176 (1980). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997) (quoting Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (*en banc*). If a liberal reading of the

complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000); see also Fed. R. Civ. P. 12(h)(3). Federal subject-matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when Plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the Plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1995).

Regardless of whether a Plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 473 (2d Cir. 1998).

Here, Plaintiff's claims arise out of disputes with his landlord and an eviction proceeding

4

that ultimately resulted in his eviction. Federal courts do not have subject-matter jurisdiction over landlord-tenant matters. See e.g. Galland v. Margules, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters."); United Mut. Houses, L.P. v. Andujar, 230 F. Supp. 2d 349, 354 (S.D.N.Y. 2002) (remanding to state court upon finding that tenant was not entitled to remove housing court action to federal court).

Although Plaintiff invokes the Civil Rights Act and the Americans With Disabilities Act, he alleges no actions by defendants that would be cognizable under these provisions of federal law. A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable, that is, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83, 66 S. Ct. 773, 776 (1946). Here, Plaintiff's claims of "discrimination" of the "disabled Plaintiff" (Complaint ¶ 34) and subjection to "the badges and incidents of slavery" (Complaint, Statement of Jurisdiction) are not supported by any of the factual allegations regarding his dispute with his former landlord or the court proceedings. Moreover, his claim of deprivation of property without due process of law is belied by his description of the multiple court proceedings in which he used legal process to delay the eviction action. Although he was ultimately unable to stop the eviction, he cannot now claim that it was accomplished without legal process. He presents no facts in support of his self-serving allegations of the state courts' absence of jurisdiction or issuance of fraudulent orders. Because Plaintiff raises no question of federal law that would confer federal subject-matter jurisdiction over this matter, the Complaint must be dismissed.

Even if this Court had subject-matter jurisdiction over Plaintiff's claims, the claims would be dismissed against each of the judicial defendants. It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Id., 502 U.S. at 11, 13 (quotations and citations omitted). This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Id., at 11-12. "A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (*per curiam*) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

Here, Plaintiff's allegations against the judges of the Civil Court of the City of New York, Richmond County, and the Appellate Division of the Supreme Court, Second Department, involve their handling of his eviction proceedings, clearly judicial acts performed within their judicial capacities. Plaintiff's conclusory allegation that Civil Court Judge Marina Cora Mundy was "without judicial jurisdiction or judicial capacity or judicial function, and without judicial authority" (Complaint ¶ 11), unsupported by any specific challenge to the court's jurisdiction, does not divest her of judicial immunity. Accordingly, the judicial defendants, Marina Cora Mundy, Philip S. Straniere, Kim Dollard, Michelle Weston Paterson, Joseph G. Golia, and Jaime Rios are each shielded from liability by absolute judicial immunity. Accordingly, even if the court had jurisdiction over these claims, they would be dismissed as frivolous as to these

Defendants.

Finally, Plaintiff's claims would also be barred by the doctrine of *res judicata* because the state courts have already entered a "final judgment on the merits" of the eviction proceedings which "precludes the parties . . . from relitigating issues that were or could have been raised in that action." King v. Fox, 418 F.3d 121, 131 (2d Cir. 2005) (citations to prior cases omitted). Plaintiff had a full and fair opportunity to litigate these issues in the state courts and may not relitigate them here.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 920 (1962).

SO ORDERED.

Dated: July 31, 2008
Brooklyn, New York

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge